ALTHEIMER & RAWLINGS INV. CO. v. ALLEN, Internal Revenue
Collector.

(District Court, E. D. Missouri, E. D.   January 29, 1917.)

1. INTERNAL REVENUE ☞9—CORPORATION TAXES—"GROSS INCOME."

Act Aug. 5, 1909, c. 6, § 38(1) 36 Stat. 112, imposes a special excise tax of 1 per cent. upon the entire net income over and above $5,000 received by any corporation. Section 38(2) declares that such net income shall be ascertained by deducting from the gross amount of the income of such corporation: First, all of the ordinary and necessary expenses actually paid within the year; second, all losses sustained; and, third, interest actually paid within the year on its bonded or other indebtedness to the amount of such bonded or other indebtedness not exceeding the paid-up capital stock of such corporation. The statute further defines "gross income" as the gross amount of the income of such corporation received during the year. A corporation engaged in brokerage business bought and carried securities for its customers. On these purchases the customers paid only a part of the purchase price, and consequently owed the corporation balances on which they paid interest, while the corporation in turn also paid on the purchases only a part of the purchase price, and accordingly owed balances on them, on which it paid interest, but the interest received by the corporation from its customers on such purchases exceeded the interest paid by it on the purchases. *Held*, that in computing the gross income of the corporation, the entire interest received by the brokerage corporation from its customers on account of such securities must be returned as part of the gross income, without deducting therefrom the interest paid by the corporation on account of the same purchases.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Gross Income.]

2. INTERNAL REVENUE ☞9—CORPORATION TAXES—DEDUCTIONS.

In such case, the interest paid by the corporation on account of the purchases of securities must be treated as payments made by the corporation on its bonded or other indebtedness, and consequently can, in computing the net income, be deducted only to an amount not exceeding the paid-up capital outstanding at the end of the year.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the Altheimer & Rawlings Investment Company against E. B. Allen, Collector of Internal Revenue for the First District of Missouri. Judgment for defendant.

David Goldsmith, of St. Louis, Mo., for plaintiff.

Arthur L. Oliver, U. S. Atty., and Wm. H. Woodward, Asst. U. S. Atty., both of St. Louis, Mo., for defendant.

DYER, District Judge. The plaintiff's brief intelligently and fairly states the case and the respective contentions of the parties. That statement is as follows:

This case has been submitted on an agreed statement of facts, which admits all the allegations of fact contained in the petition. It appears therefrom that the action is one for the recovery of money paid upon assessments made by the United States Commissioner of Internal Revenue under the excise law of 1909, which provided for a tax of 1 per cent. upon the net annual income of corporations. The petition contains three counts; the first being for the recovery of money paid on an assessment for the year 1909, the second being for the recovery of money paid on an assessment for the year 1910, and the third being for the recovery of money paid on an assessment for the year 1911.

The plaintiff made its return for each of these three years under that act, but the Commissioner of Internal Revenue held in each instance that the return did not show the proper net income, and accordingly made an assessment against the plaintiff for an increased amount for each of the three years. These three assessments were paid under protest, and the present action was brought after the preliminary proceedings required by the federal statutes had been taken.

The matter out of which the present controversy arose is the same under all three counts, and is as follows:

[1, 2] The plaintiff did a brokerage business, and in the course thereof bought securities for its customers and carried the same for the customers. On these purchases the customers paid plaintiff only a part of the purchase price, and consequently owed the plaintiff balances, on which they paid the plaintiff interest. The plaintiff in turn also paid on said purchases only a part of the purchase price, and accordingly owed balances on them on which it paid the interest; but the interest thus received by the plaintiff from its customers on said purchases exceeded the interest paid by the plaintiff on said purchases.

In making its returns under the federal statute the plaintiff included as gross income the difference between the interest thus received by it from its customers on said purchases and the interest thus paid by it on said purchases; but the Commissioner of Internal Revenue held that the entire amount received should be included as gross income, and that the aggregate deduction for interest paid by the plaintiff, whether for the interest on said purchases, or for interest paid otherwise, should be limited to $15,000. During each of the years involved the plaintiff paid for interest on other indebtedness than that for said purchases $15,000 or more. Accordingly, the commissioner in effect made no deduction whatsoever for the interest paid by plaintiff on said purchases.

The question now arising under each of the three counts of the petition is whether the plaintiff was within its rights when it included,

as gross income, in its return for each of the three years in question, only the difference between the amount received by it from its customers for interest on said purchases and the amount paid by it for interest on said purchases, or whether, as the government claims, the plaintiff was entitled to deduct for all interest paid by it during each of these three years, that is, for interest on said purchases, as well as for other interest, only the sum of $15,000.

The law under which these assessments were made provided for an excise tax against the corporation "equivalent to 1 per centum upon the entire net income over and above $5,000 received by it from all sources during such year." That law further provided that such net income should be ascertained by deducting "from the gross amount of the income of such corporation" received within the year from all sources, first, all ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and property; second, all losses actually sustained within the year, etc., and "third, interest actually paid within the year on its bonded or other indebtedness to an amount of such bonded and other indebtedness not exceeding the paid-up capital stock of such corporation."

It is this third subdivision which underlies the claim of the government, for the government treats all the interest received by the plaintiff from its customers on said purchases as gross income, and treats all interest paid by the plaintiff on said purchases as interest paid "on its bonded or other indebtedness."

The law applicable to the case is to be found in the second paragraph of section 38 of the act of August 5, 1909, c. 6, 36 Stat. L., 112. It is as follows:

Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, joint-stock company or association, or insurance company, received within the year from all sources, first, all of the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property. * * *

Third. Interest actually paid within the year on its bonded or other indebtedness to an amount of such bonded and other indebtedness, not exceeding the paid-up capital stock of such corporation, joint-stock company or association, or insurance company, outstanding at the close of the year. * * *

This statute defines "gross income" as "the gross amount of the income of such corporation * * * received within the year."

The Commissioner of Internal Revenue, in ascertaining and fixing the amount of the gross income of the plaintiff, refused to allow plaintiff for the interest paid by it on account of the purchases of bonds and stock, and treated such payments as having been made "on its bonded or other indebtedness." In the opinion of the court the action of the Commissioner was in accordance with the law.

Judgment for the defendant will be entered on each count of the petition.